**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Maurice Anthony Odom, Appellant.

Appellate Case No. 2015-001294

———————

Appeal From Edgefield County
R. Knox McMahon, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-273
Heard May 16, 2018 – Filed June 27, 2018

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, for Respondent.

———————

**PER CURIAM:** Maurice Anthony Odom appeals his conviction and sentence for burglary second degree, arguing the trial court erred in (1) sentencing him to life without parole and (2) failing to dismiss the indictment as violating his right to a

speedy trial.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to Odom's argument his prior conviction for criminal sexual conduct (CSC) with a minor second degree should not have been considered a most serious offense because the record contains sufficient evidence showing the conduct was consensual and therefore he should not have been sentenced to life without parole: *In re M.B.H*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010) ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law . . . ." ); S.C. Code Ann. § 17-25-45(C)(1) (Supp. 2017) ("'Most serious offense' means: . . . [CSC] with minors, except where evidence presented at the criminal proceeding and the court, after the conviction, makes a specific finding on the record that the conviction obtained for this offense resulted from consensual sexual conduct where the victim was younger than the actor . . . ."); *State v. Landis*, 362 S.C. 97, 102, 606 S.E.2d 503, 505 (Ct. App. 2004) ("The legislature's intent should be ascertained primarily from the plain language of the statute."); *id.* ("Words must be given their plain and ordinary meaning without resorting to subtle or forced construction which limits or expands the statute's operation."); *id* at 102, 606 S.E.2d at 506 ("When a statute's language is plain and unambiguous, and conveys clear and definite meaning, there is no occasion for employing rules of statutory interpretation and a court has no right to look for or impose another meaning."); *id* at 102-03, 606 S.E.2d at 506 ("The statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers.").

2.      As to Odom's argument the trial court erred in failing to find his right to a speedy trial had been violated when his first trial began almost six years after his arrest and his second trial began two years after the first trial resulted in a mistrial: *State v. Langford*, 400 S.C. 421, 442, 735 S.E.2d 471, 482 (2012) ("[A] court's decision on whether to dismiss on speedy trial grounds is reviewed for an abuse of discretion."); *State v. Hewins*, 409 S.C. 93, 103, 760 S.E.2d 814, 819 (2014) ("An abuse of discretion occurs when the decision of the trial court is based upon an error of law or upon factual findings that are without evidentiary support."); *Barker v. Wingo*, 407 U.S. 514, 530 (1972) ("The length of the delay is to some extent a triggering mechanism.  Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."); *Langford*, 400 S.C. at 442, 735 S.E.2d at 482 ("The clock starts running on a defendant's speedy trial right when he is 'indicted, arrested, or otherwise officially accused,' and therefore we are to include the time between arrest and indictment." (quoting *United States v. MacDonald*, 456 U.S. 1, 6 (1982))); *Doggett*

*v. United States*, 505 U.S. 647, 652 n.1 (1992) ("Depending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year."); *Barker*, 407 U.S. at 528 ("[T]he defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right."); *Langford*, 400 S.C. at 443, 735 S.E.2d at 483 ("Delays occasioned by the defendant . . . weigh against him."); *id.* ("This is not only in accord with the reality that delay may be a defense tactic, but it is also a recognition that a defendant should not be able to procure a dismissal of the charges against him due to delays he caused.").

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**